UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-80807-CIV-DIMITROULEAS

SECURITIES AND )
EXCHANGE COMMISSION, )
 )
        Plaintiff, )
v. )
 )
STEPHEN F. MOLINARI and )
NATIONWIDE PHARMASSIST CORP., )
 )
        Defendants. )
_____)

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT STEPHEN MOLINARI**

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Judgment on the Pleadings against Defendant Stephen F. Molinari.  Having considered the motion, Molinari's response, and the entire record, the Court enters the following order granting the Plaintiff's motion:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.      The Commission filed its complaint on August 14, 2013.  [DE 1].

2.      On November 12, 2013, Molinari filed a document styled "Answer to Complaint and Request for Settlement Offer or Hearing."  [DE 11].  In his Answer, Molinari does not deny the factual allegations of the Complaint.

3.      Because Molinari has not denied the factual allegations of the Commission's complaint, those allegations are deemed admitted.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

4.      Molinari has also admitted his guilt in a parallel criminal proceeding. (*United States v. Molinari*, No. 13-cr-60105-RSR)

5.      Based on his admissions, the Court finds Molinari committed the violations alleged in the Complaint.

Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Judgment on the Pleadings is **GRANTED**.  Judgment is entered against Molinari as follows:

**I.**

**SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Molinari and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1), by, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce or the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud involving:  the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee; or the manipulation of the price or volume of any security.

**II.**

**SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS FURTHER ORDERED AND ADJUDGED** that Molinari and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud involving: the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee; or the manipulation of the price or volume of any security; or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person involving: the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment advisor, manager, or trustee, or to any person associated with such investment advisor, manager, or trustee; or the manipulation of the price or volume of any security.

## III.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Molinari is prohibited from acting as an officer or director of any issuer that has a class

of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IV.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Molinari is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## V.

## DISGORGEMENT AND PREJUDGMENT INTEREST

The Commission's claims against Molinari for disgorgement, prejudgment interest, and a civil penalty are dismissed.

## VI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Molinari in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VII.

## **RULE 54(b) CERTIFICATION**

**IT IS FURTHER ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Judgment on the Pleadings Against Defendant Stephen Molinari [DE 14] is hereby **GRANTED**;

2. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice;

3. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 6th day of March, 2014.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record

Stephen F. Molinari
1415 Miami Road, Unit E
Fort Lauderdale, FL 33316